

FILED
JAMES BONINI
CLERK

05 JUL 18 PM 4:54

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 18 OF THE SOUTHERN OHIO ADMINISTRATIVE DISTRICT COUNCIL**<br>1347 West Fifth Avenue, Suite 101<br>Columbus, Ohio 43212,<br><br>And<br><br>**TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND**<br>1776 I Street, NW<br>Washington, D.C. 20006,<br><br>And<br><br>**TRUSTEES OF THE OHIO BRICKLAYERS PENSION FUND**<br>c/o Stoner & Associates<br>205 W. Fourth Street, Suite 225<br>Cincinnati, Ohio 45202,<br><br>And<br><br>**TRUSTEES OF THE GREATER CINCINNATI BRICKLAYERS WELFARE FUND**<br>c/o Stoner and Associates<br>205 W. 4th St., Ste 225<br>Cincinnati, OH 45202-4813,<br><br>And | **CASE NO. 1:05 CV 484**<br><br>**JUDGE** J. DLOTT<br><br>**COMPLAINT** J. HOGAN<br><br><br>ALLOTTA, FARLEY & WIDMAN CO., L.P.A.<br>William H. Webster 0017281<br>Wednesday M. Szollosi 018339<br>2222 Centennial Road<br>Toledo, Ohio 43617<br>Ph: (419) 535-0075<br>Fax: (419) 535-1935<br>Counsel for Plaintiffs |

**TRUSTEES OF THE TILE, MARBLE
AND TERRAZZO JOINT
APPRENTICESHIP AND TRAINING
COMMITTEE (JATC) FUND
ACIL ALLIED CONSTRUCTION
INDUSTRIES**
c/o Carol Conrad
1010 Yale Avenue
Cincinnati, Ohio 45206,

**And**

**TRUSTEES OF THE OHIO
BRICKLAYERS HEALTH AND
WELFARE FUND**
c/o Stoner & Associates
205 W. 4th St., Ste 225
Cincinnati, OH  45202-4813,

                    Plaintiffs,
-vs-

**WAYNE MASONRY, INC.**
15 Shawnee Drive
Hamilton, Ohio 45013,

 And

**HAMILTON SCHOOL DISTRICT**
c/o Robert A. Hancock, Treasurer
Hamilton City School District
533 Dayton Street
Hamilton, Ohio 45011,

**And**

**STEPHEN GROSS AND SONS, INC.**
255 Campbell Dr.
P.O. Box 957
Hamilton, Ohio 45012-0957,

**And**

2

**WESTFIELD INSURANCE CO.**
**One Park Circle**
**P.O. Box 5001**
**Westfield Center, Ohio 44251-5001,**

**And**

**OHIO FARMERS INSURANCE CO.**
**One Park Circle**
**P.O. Box 5001**
**Westfield Center, Ohio 44251-5001,**

> **Defendants.**

Now come Plaintiffs, who for their Complaint allege and aver:

## JURISDICTION AND VENUE

1.     Plaintiffs bring this action under the provisions of Section 301 of the Labor Management Relations Act of 1947, as amended [29 U.S.C. §185] and Sections 502(a)(3), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1132(a)(3), (e) and (f)]. Venue is conferred upon this Court by 28 U.S.C. Sections 1391(b) and (c) and 29 U.S.C. 1132(e)(2).

## THE PARTIES

2.     Plaintiffs, Bricklayers And Allied Craftsmen Local Union No. 18 of the Southern Ohio Administrative District Council (hereinafter "Local 18" or "Plaintiffs-Lien Claimants" or "Plaintiffs-Obligees"), Trustees of the Bricklayers And Trowel Trades International Pension Fund, Trustees of the Greater Cincinnati Bricklayers Welfare Fund, Trustees of the Ohio Bricklayers Pension Fund, Trustees of the Greater Cincinnati Bricklayers Welfare Fund, Trustees of the Tile, Marble & Terrazzo Joint Apprenticeship & Training Committee (JATC) Fund, Trustees of the Ohio Bricklayers Health & Welfare Fund , (hereinafter "Funds", "Plaintiffs-Lien Claimants" or "Plaintiffs-Obligees"), are plans and trusts created and

3

maintained pursuant to a collective bargaining agreement and addenda to the collective bargaining agreement and trust agreements. Each Fund may sue as an entity under Section 402(d)(1) of ERISA. Each Fund is the duly acting depository for payments made to its particular plan and/or fund under the collective bargaining agreement between the International Brotherhood of Bricklayers & Allied Craftsmen Local No. 18 of Ohio and Defendant, Wayne Masonry, Inc.

      3.    Defendant Wayne Masonry, Inc. (hereinafter "Wayne Masonry" or "Defendant-Subcontractor"), is an employer as defined in 29 U.S.C. Section 152(2), with its principal place of business in Cincinnati, Ohio, has engaged in business in the Greater Cincinnati Area for many years and is and has been the employer of employees represented by the International Brotherhood of Bricklayers & Allied Craftsmen Local No. 18 of Ohio.

      4.    Defendant Stephen Gross & Son, Inc. (hereinafter "Stephen Gross" or "Defendant-Principal") is an Ohio corporation engaged in the building construction business with its principal place of business in Hamilton, Ohio. Stephen Gross has been identified as the principal contractor for the construction project known as the Hamilton High School Fine Arts Addition/Renovation Hamilton City School District (hereinafter "the Project").

      5.    Hamilton School District (hereinafter "Hamilton" or "Defendant-Public Authority") is a public school district constituting a political subdivision of the State of Ohio with its principal place of business in Hamilton, Ohio.

      6.    Defendant Ohio Farmers Insurance Company (hereinafter "Ohio Farmers" or "Defendant Surety") is a corporation incorporated in the State of Ohio with its principal place of business in Ohio. Ohio Farmers is, to the best of Plaintiffs knowledge and belief, an insurance company and/or surety providing surety bonding to Stephen Gross at all pertinent times hereto.

4

7.     Defendant Westfield Insurance Company is a corporation incorporated in the State of Ohio with its principal place of business in Ohio and is affiliated with Ohio Farmers.

## COUNT I

8.     Defendant Wayne Masonry is bound by the terms of the collective bargaining agreement by signing the Bricklayers Agreement attached as "Exhibit A" and by the terms and conditions of the Agreements and Declarations of Trust and agreed to submit to the Funds information and data with respect to the employees it employed who are subject to the Funds, and agreed to make payments to the Funds in accordance with the terms and conditions of the Agreement and the Agreements and Declarations of Trust described above, and any rules and procedures promulgated by the Funds.

9.     Said payroll information, data and payments are required to be made, submitted and paid to the Fund on a monthly basis. If said payroll information, data and payments are not so received on a monthly basis, not later than the 15th day of the month following the month during which the work was performed, the employer is deemed delinquent. Under 29 U.S.C. 1132(g) of ERISA liquidated damages may also be assessed against the employer in the amount which is greater of ten percent (10%) of the total amount due, and interest may also be assessed on the unpaid contributions in the amount of one and one half percent (1.5%) of the total due per calendar month thereafter.

10.     Since at least 1995, Defendant Wayne Masonry has been engaged in the tile laying, terrazzo work, marble masonry, finishing, bricklaying and related craft work business in the greater Cincinnati area and has employed persons who are subject to the terms of said Funds, but has failed to submit payments to all of the above-listed Funds for the months of May 2003 through August 2003. Accordingly, Wayne Masonry now owes a known amount of fringe benefit contributions in the amount of $40,623.20, liquidated damages of $4,062.32 which

5

represents 10% of all fringe benefit contributions due and unpaid, liquidated damages in the amount of $1,434.88 on fringe benefit contributions paid late for the months of January through April 2003, interest on the delinquent fringe benefit contributions calculated at the rate of one and one-half percent (1.5%) of the total due per calendar month plus attorney fees and costs.

11.     Plaintiffs have good cause to believe Wayne Masonry, Inc. will, in the future, fail and refuse to submit reports and payments.

12.     All conditions to be performed on the part of Funds have been performed.

13.     Furthermore, pursuant to 29 U.S.C. 1132(g) of ERISA, Wayne Masonry, Inc. is required to pay Plaintiffs' reasonable attorneys' fees and court costs.

## COUNT II

14.     Plaintiffs incorporate paragraphs 1 through 13 as if fully rewritten herein.

15.     Pursuant to said Agreements and Declarations of Trust and policies and procedures, representatives of the Funds have the right to conduct, on written notice, audits of the books and records of Wayne Masonry, Inc. with respect to hours worked by and wages paid to all employees upon whom the Employer is obligated to make contributions.

16.     The Funds' representatives desire to audit Wayne Masonry, Inc.'s books and records, but believe Defendant will refuse to permit such audit.

17.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury as required by 29 U.S.C. Section 1132(h).

## COUNT III

18.     Plaintiffs incorporate paragraphs 1 through 17 as if fully rewritten herein.

19.     Wayne Masonry also has refused to submit working dues to Plaintiff Local 18 of the Southern Ohio Administrative District Council in a known amount of $7,048.76,

6

as result of which Local 18 of the Southern Ohio Administrative District Council has been damaged.

## COUNT IV

20.     Plaintiffs incorporate paragraphs 1 through 19 as if fully rewritten herein.

21.     Section 1311.26 of the Ohio Revised Code provides that a laborer who has performed labor or work for any public improvement provided for in a contract between the public authority and a principal contractor and under a contract between the subcontractor, at any time not to exceed 120 days from the performance from the last labor or work may serve the representative of the public authority named in the Notice of Commencement an Affidavit stating the amount of due and unpaid for the labor and work performed.

22.     On or about January 2, 2003, the first labor and work was performed and on or about August 31, 2003, the last labor and work was performed by the members of Local 18 employed by the Wayne Masonry (Defendant-Subcontractor) on the Project.

23.     In accordance with Ohio Revised Code §1311.26, the members of Local 18 referred to in paragraph 22 have authorized Local 18 as their agent to prepare, execute, file and serve the Affidavit required by Ohio Revised Code §1311.26.

24.     On or about October 15, 2003, Local 18 served Robert A. Hancock, Treasurer, the representative of the Hamilton School District (Defendant Public Authority) which is named in the Notice of Commencement for the Hamilton High School Fine Arts Addition/Renovation Project, with the Affidavit for Lien and Notice for Claim Upon Funds Due Laborers by certified mail and thereby secured a lien in the sum of Fifty-five Thousand Eight Hundred Eighty-Seven Dollars and Eight-Five Cents ($55,887.85) against the unpaid portion of the contract between the Defendant-Principal and Defendant-Public Authority pursuant to Ohio Revised Code §1311.26. A copy of said Affidavit for Lien and Notice of Claim upon Funds Due

7

Laborers is attached hereto as Exhibit "B" and incorporated herein by reference. A copy of said Notice of Commencement is attached hereto as Exhibit "C" and incorporated herein by reference.

25. On or about October 8, 2003 Local 18 served upon Wayne Masonry, the subcontractor on the Project the Affidavit of and Notice For Claim Upon Funds Due Laborers referred to in Paragraph 24 by ordinary mail.

26. On or about October 22, 2003, Local 18 served upon Stephen Gross & Sons, Inc., the principal contractor on the Project the Affidavit For Lien and Notice For Claim Upon Funds Due Laborers referred to in Paragraph 24 by certified mail.

27. On October 20, 2003, Local 18 filed a copy of the Affidavit and Notice For Claim Upon Funds Due Laborers with the Hamilton County Recorders Office pursuant to Ohio Revised Code §1311.29.

28. On October 27, 2003, counsel for Hamilton gave notice to Wayne Masonry that, among other things, the amounts claimed would be held in an escrowed account until such time as this matter has been resolved. A copy of the letter containing this notice is attached hereto as Exhibit D and incorporated herein by reference.

29. Pursuant to §1311.28 of the Ohio Revised Code, the Public Authority is required to hold the funds which are subject to the lien in escrow. As late as October 29, 2004, Hamilton School District (Defendant Public Authority) indicated through counsel to Counsel for Plaintiffs that Funds exceeding the amount of the lien were being held in escrow as required by Ohio Revised Code §1311.28. However, Hamilton School District subsequently made a partial disbursement of these funds for other purposes in violation of the Ohio Revised Code§1311.28. Hamilton School District now admits that only $25,421.92 remains in escrow.

30.     Hamilton has unjustifiably failed to release funds to Local 18 in the amount of the Mechanic's Lien from the monies detained or hereafter detained by Hamilton from Stephen Gross on the Project.

31.     Pursuant to Ohio Revised Code §1311.311, Hamilton is liable to Local 18 for the additional amount which is no longer being held in escrow plus reasonable attorney fees.

32.     On or about June 13, 2005, counsel for Local 18 received a letter from counsel for Hamilton dated June 7, 2005, notifying Local 18 to commence suit on the lien amount of Fifty-five Thousand Eight Hundred Eighty-Seven and 85/100th Dollars ($55,887.85) pursuant to §1311.311 of the Ohio Revised Code. A copy of said written letter is attached hereto as Exhibit E and incorporated herein by reference.

33.     Pursuant to §§1311.311 and 1311.32 of the Ohio Revised Code, Local 18, as authorized agent of the members of Local 18 listed in Exhibit "B" files this Complaint to Enforce the Affidavit For Lien and Notice For Claim Upon Funds Due Laborers requesting the Court order Hamilton to release all remaining funds to Local 18 for the amount detained or hereafter detained and that Hamilton be ordered to reimburse Local 18 for the remaining balance of the lien in the amounts of: $40,623.20 for fringe benefit contributions; dues assessments and contributions in the amount of $7,048.76; liquidated damages in the amount of $4,062.32 which represents 10% of all monies due and unpaid; liquidated damages in the amount of $1,434.88 on fringe benefit contributions paid late for the months of January through April 2003; interest in the amount of $1,968.69; and $750.00 in attorney fees and court costs.

34.     As a direct and proximate result of Hamilton's failure to provide payment to the Local 18 on the Mechanic's Lien, Local 18 has suffered damages in the amount of: fringe benefit contributions in the amount of $40,623.20, liquidated damages of $4,062.32 which

9

represents 10% of all fringe benefit contributions due and unpaid, liquidated damages in the amount of $1,434.88 on fringe benefit contributions paid late for the months of January through April 2003, interest on the delinquent fringe benefit contributions calculated at the rate of one and one-half percent (1.5%) of the total due per calendar month plus attorney fees and costs of $750.00 for a total of $55,887.55 plus additional attorney fees and costs.

<u>COUNT IV</u>

35.     Plaintiffs incorporate and adopt by reference each and every allegation set forth in paragraphs 1 through 34 as if fully rewritten herein.

36.     §§153.56, 2307.06 and 2307.07 of the Ohio Revised Code provides that any person to whom any money is due for labor or work performed on a public improvement may commence an Action on the Payment Bond.

37.     On or about January 6, 2003, Stephen Gross (Defendant-Principal), obtained a payment bond from Ohio Farmers (Defendant-Surety) in the amount of at least the Defendant-Principal's bid including alternates pursuant to §153.54 et. seq. of the Ohio Revised Code. A copy of said payment bond is attached hereto as Exhibit "F" and incorporated herein by reference.

38.     On or about March 2, 2005, Plaintiffs-Obligees, by and through their attorney, submitted by written letter its Proof of Claim and documentation supporting its claim against said payment bond for the delinquency owed to the members of Local 18 employed by Defendant-Subcontractor for labor and work which was performed on the Project. A copy of said written letter is attached hereto as Exhibit "G" and incorporated herein by reference.

39.     Whereupon at all times thereafter, Ohio Farmers (Defendant-Surety) has unjustifiably refused to pay the Plaintiffs-Obligees the amount of $55,887.85 plus attorney fees and costs on its claim on said payment bond.

10

40.     Pursuant to §§153.56, 2307.06 and 2307.07 of the Ohio Revised Code, the Plaintiff-Obligees file this Action on the Payment Bond requesting the Court to enter Judgment in their favor in the amount of Fifty-five Thousand Eight Hundred Eighty-Seven and 85/100[th] Dollars ($55,887.85) with interest, attorney fees and court costs which shall be paid from said payment bond.

     **WHEREFORE,** Plaintiffs demand judgment as follows:

     A.     Against Wayne Masonry, Inc for fringe benefit contributions in the amount of $40,623.20, liquidated damages of $4,062.32 which represents 10% of all fringe benefit contributions due and unpaid, liquidated damages in the amount of $1,434.88 on fringe benefit contributions paid late for the months of January through April 2003, interest on the delinquent fringe benefit contributions calculated at the rate of 1 1/2% (1.5%) of the total due per calendar month plus attorney fees and costs of $750.00 for a total of $55,887.55 plus additional attorney fees and costs.

     B.     The Court order Wayne Masonry, Inc to permit Plaintiffs' representatives to audit Defendant's books and records for the month of January 2003 through the present.

     C.     Against Wayne Masonry, Inc for any additional sums which Defendants may become obligated to pay as discovered by audit and/or that are incurred between the date of filing this Complaint and the date of judgment, together with liquidated damages, interest, costs, and Plaintiffs' reasonable attorney fees.

     D.     The Court determine that Plaintiffs are entitled to Judgment in their favor arising from their claim on the Mechanic's Lien in the amount of: $40,623.20 for fringe benefit contributions; liquidated damages in the amount of $4,062.32 which represents 10% of all monies due and unpaid; liquidated damages in the amount of $1,434.88 on fringe benefit

11

contributions paid late for the months of January through April 2003; and interest in the amount of $1,968.69; attorney fees and court costs for a total of $55,887.55;

        E.      The Court order that said Judgment in the amount of $55,887.55 be paid from the monies detained or hereafter detained by Defendant-Public Authority from the Defendant-Principal Contractor on the Hamilton High School Fine Arts Addition/Renovation Project.

        F.      Against Defendant-Public Authority Hamilton School District for the amounts wrongfully disbursed from the escrowed funds plus reasonable attorney fees and costs in the enforcement of their Affidavit for Lien and Notice of Claim Upon Funds Due Laborers by reason of Defendant-Public Authority's violation of Ohio Revised Code §1311.311.

        G.      The Court determine that Plaintiffs are entitled to Judgment in their favor arising from their claim on the payment bond in the amount of $55,887.85 with interest, plus attorney fees and costs.

        H.      The Court order that said Judgment in the amount $55,887.85 with interest, plus attorney fees and costs be paid from said payment bond, and if necessary, order that other reasonable security of the Defendant-Principal be sold and the proceeds of the sale be applied to the Judgment; and

        I.      The Defendants, jointly and severally, be required to pay Plaintiffs' attorney fees and court costs expended in this action.

        J.      The Court grant Plaintiffs all other relief which this Honorable Court deems equitable, proper and just.

Respectfully submitted,

ALLOTTA , FARLEY & WIDMAN CO., L.P.A.

By: _William H. Webster_____
William H. Webster

By: _Wednesday M. Szollosi_____
Wednesday M. Szollosi

F:\Bricklayer Delinquent Employers\Wayne Masonry\Pleadings\comp.doc